**Deborah MORRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54591.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 10, 1978.

Joe Petronis, Killeen, for appellant.

Pat Ridley, County Atty., and Thomas S. Morgan, Asst. County Atty., Belton, J. Rush Milam, III, City Atty., Killeen, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for the offense of prostitution. V.T.C.A., Penal Code, Sec. 43.02(a)(1). The trial court assessed punishment at a fine of $200.

Initially the appellant challenges the sufficiency of the evidence to support the conviction.

Frank Aaron, Jr., a reserve sergeant with the Killeen Police Department, testified that on the date of the offense he was on duty in civilian clothes in the downtown Killeen area. At approximately 10:45 p. m. on November 1, 1975, he was standing in front of the Fogle Auto Supply Store when he was approached by the appellant. She initially asked him if he were a "narc," which he denied. She then asked, "Are you ready?" He responded, "Ready for what?" At this point, according to Aaron, the appellant was about two or three feet from him and she made "a driving motion with her body, with her shoulders, hips, and legs." He said he could "dig it" and asked what it was going to cost since he understood her motions to mean that she was offering to have sexual intercourse with him. She then asked him how much money he had and he told her that he could spend $20. She said, "That would get it." They then agreed to meet at a place she had nearby. The appellant left and Aaron was signaled

by some officers who had him under observation to remain where he was. Aaron additionally testified without objection that the offense occurred on a military payday weekend and that there was a high incidence of prostitution activity at that time in Killeen.

On cross-examination, Aaron testified that prior to the night of the alleged offense he did not recall having seen the appellant's picture among those of known prostitutes that were kept by the Killeen Police Department.

Officer Reed of the Killeen Police Department testified that on November 1, 1975, he observed a conversation between Frank Aaron and the appellant. Reed stated that after he received a signal from Aaron, he identified the female that he had been talking to as the appellant. He testified that he was familiar with the appellant prior to November 1, 1975, and that his organization had a file on her at that time.

The appellant testified in her own behalf and stated that on the night in question she was simply out walking around the block and had asked Aaron for a light. She said that after they got talking, Aaron propositioned her. She testified: "He then asked me if I was working, and I asked him what did he mean by working, and he said, do you walk the block? And I said, what are you talking about? And he said, I wanted to go to bed. He said I have $20 and I just looked at him, you know." She then asked him if he were a policeman and walked off.

The jury as the exclusive judge of the facts resolved the conflict in the testimony against the appellant. See Art. 36.13, V.A. C.C.P.

V.T.C.A. Penal Code, Sec. 43.02(a)(1), at the time of the instant offense provided that a person commits an offense if he knowingly offers to engage in sexual conduct in return for a fee payable to the actor. An offense under this provision was at that time a Class C misdemeanor. See V.T.C.A. Penal Code, Sec. 12.23.[1]

The evidence is sufficient to sustain the conviction.

The appellant next contends that the trial court erred by failing to sua sponte declare a mistrial during the State's argument.

The record reflects the following occurred during the prosecutor's final argument:

"The State has never mentioned the defendant's color. He has made that a big thing. He did mention that the police officer was inexperienced. Yes, and it was obvious even to this inexperienced police officer that she had solicited him on Ave. D.

"We all went through this and annually we go through on April the 15th paying our taxes to be sure that we have admirably supported—

"MR. MORRIS [defense counsel]: Objection, Your Honor, counsel is getting outside of the record again.

"THE COURT: Sustain the objection.

"MR. MILAN [prosecutor]: Be that as it may, this is illegal income she is getting.

"MR. MORRIS: Objection, Your Honor. I would like to object. There has been no testimony that my client has received any money and I again feel that the counsel is bringing up matters outside of the record.

"THE COURT: I will sustain the objection."

There was no request for an instruction, nor any motion for a mistrial. The appellant received all the relief she requested. *Moffett v. State*, Tex.Cr.App., 555 S.W.2d 437; *Salinas v. State*, Tex.Cr.App., 542 S.W.2d 864; *Holloway v. State*, Tex.Cr.App., 525 S.W.2d 165. The argument was not such as to require the court to sua sponte grant a mistrial.

The judgment is affirmed.

---

1. V.T.C.A. Penal Code, Sec. 43.02, was amended by Acts 1977, 65 Leg., p. 757, ch. 286, sec. 1, effective May 27, 1977, making minor wording changes in the section and elevating this offense from a Class C misdemeanor to a Class B misdemeanor.