Deborah S. THORNBERG, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–82–428CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 28, 1983.

John J. Knoff, Houston, for appellant.

R. Richard Mason, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

Appellant appeals her conviction for prostitution in violation of Tex.Penal Code Ann. § 43.02(a)(1) (Vernon Supp.1982–1983). Trial was to a jury. Punishment was assessed at thirty days in jail. We affirm the judgment of the trial court.

On March 2, 1982 at approximately 1:30 p.m., two undercover vice-officers and a woman named Chris went to appellant's motel room at the Josephine Motel on Telephone Road. Chris knocked on the door and she and appellant invited the officers into the room. Detective Sweetin testified that after some casual conversation, he asked appellant "if thirty dollars would be agreeable for a date." Appellant said "thirty dollars would be fine." Sweetin then asked appellant if he could "have a blow job for thirty dollars." Appellant said that Sweetin could have a "blow job" or a "straight date." The officers then identified themselves as Houston Police officers, placed the girls under arrest and took them to the city jail. Sweetin testified that, based on his experience as a vice-officer, he understood a "blow job" to be a form of deviate sex and a "straight date" to be straight sexual intercourse. Appellant testified that she did not agree to have sexual relations with either of the officers.

Appellant was charged by information with prostitution pursuant to Tex.Penal Code Ann. § 43.02(a)(1) (Vernon Supp. 1982–1983). Section 43.02(a) states:

(a) a person commits an offense if he knowingly:

(1) offers to engage, agrees to engage, or engages in sexual conduct for a fee; or

(2) solicits another in a public place to engage with him in sexual conduct for hire.

The information stated that on or about March 2, 1982 appellant did "knowingly offer and agree to engage in sexual conduct, namely, deviate sexual intercourse, with G.R. Sweetin, for a fee." The court's charge to the jury stated that:

. . . . .

if you believe from the evidence beyond a reasonable doubt, that the defendant, Deborah Sue Thornberg, on or about the 2nd day of March, 1982 . . . did then and there knowingly solicit G.R. Sweetin to engage with her in sexual conduct, namely deviate sexual intercourse, for hire, then you will find the defendant guilty of soliciting prostitution.

Appellant, in her sole ground of error, contends that the court's charge authorized conviction on a theory not set forth in the information. She asserts the information charged her with "offering or agreeing to engage in sexual conduct for a fee" under § 43.02(a)(1), *Supra*. She contends the court charged the jury pursuant to § 43.02(a)(2) of soliciting another to engage with her in sexual conduct for hire yet failed to allege that such solicitation occurred in a public place as that portion of the statute requires. We find no merit to this contention.

■ The fact that the word "solicit" was used in the charge does not limit such charge to part (2) of § 43.02(a). In order for the jury to have been charged under § 43.02(a)(2), it must have been alleged that such solicitation, offer or agreement occurred in a public place. Neither the information nor the charge alleged that the so-

licitation of sex for which appellant was accused occurred in a public place. The jury was, therefore, not charged under part (2) of 43.02(a).

■ The words "offer and agree to engage in" are used in the information while the word "solicit" is used in the charge. However, in light of the present charge, such a variance in terms is not fundamental error. The word "solicit", as used in the charge, and the phrase "offer and agree to engage in," as used in the information, are materially equivalent in meaning. The fact that the initial offer is made by the officer is immaterial in light of further negotiations between the parties which indicate that implied offers were made by both parties. *McCarty v. State,* 616 S.W.2d 194 (Tex.Cr.App.1981); *Ozack v. State,* 646 S.W.2d 941 (Tex.Cr.App.1983). Substitution of language that is equivalent to the theory alleged in the indictment or information does not constitute fundamental error. *Thomas v. State,* 605 S.W.2d 290, 294 (Tex. Cr.App.1980). The charge required the jury to find every essential element of the offense alleged in the indictment and was not calculated to injure appellant's rights or prevent a fair and impartial trial. Therefore, no fundamental error occurred. *See Grady v. State,* 614 S.W.2d 830, 831 (Tex.Cr. App.1981).

Additionally, appellant failed to object to the charge in the trial court. Having found no fundamental error in the charge, appellant waived any further objection. Tex. Code Crim.Proc.Ann. art. 36.19 (Vernon 1981).

The judgment of the trial court is affirmed.