**Judy Lynn ROPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Marie Louise PIERRE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 65378, 65379.**

Court of Criminal Appeals of Texas,
En Banc.

May 18, 1983.

Rehearing Denied June 29, 1983.

Jay W. Burnett, Houston, for appellants; Seymour & Greene, Houston, of counsel.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece and Eric Hagstette, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

Appellants were convicted of prostitution. Punishment was assessed in each case at three days' confinement and a $100 fine.

In appellants' third ground of error, they argue that the evidence was insufficient to show their "intent to arouse or gratify the sexual desire of any person' and that the evidence was insufficient to show they engaged in sexual conduct for a fee.[1] The appellants were tried together. At trial, the State and the defense stipulated that Officers Chisholm and Semora would testify in accordance with their offense report. Following this stipulation the offense report was admitted as the State's only evidence.

The offense report showed that on February 14, 1979, Officers Semora and Chisholm entered the Golden Girl Studio. They were immediately greeted by Michael Brownwell who asked the officers if they had ever been there before. When they replied in the negative, Brownwell told the officers they could either have contact sessions or no contact sessions. The officers agreed to have the $35.00 contact session for thirty minutes. Officer Semora paid Brownwell $70.00 in cash as payment for both officers.

Officer Chisholm accompanied appellant Roper to an upstairs room. Both individuals removed their clothes and Chisholm

---

1. The informations are identical except for the names of the officers. It reads, in pertinent part, that appellants

"... did then and there unlawfully knowingly engage in sexual conduct with [officer's name] for a fee...."

asked appellant Roper what he was allowed to do. Roper replied that Chisholm "could rub her anywhere, except between the legs." Chisholm placed his hand on Roper's leg and she began to massage his chest and back. Chisholm then asked if he could place his hand on Roper's breast and she stated "yes." Chisholm then began massaging Roper's breast with one hand and her vagina with his other hand. Appellant Roper began massaging Chisholm's penis first with her hand and then with her vagina. After a few minutes, a male voice came over the intercom and announced that the time had expired for the thirty minute session. Officer Chisholm and Roper got up, got dressed and ended the session.

Officer Semora accompanied appellant Pierre to a room. After entering the room, both individuals removed their clothing. Appellant Pierre then asked Semora if he wanted to body paint. Semora said "no." Pierre then instructed Semora to lay on the bed. When he complied, Pierre began rubbing the officer's leg. Semora then asked if he could touch Pierre's breast. She replied in the affirmative and Semora began rubbing both of Pierre's breasts. Semora then began rubbing Pierre on her vagina. After several minutes, Pierre removed Semora's hand and began masturbating herself. Pierre then gave Semora a ten minute massage during which Pierre massaged Semora's penis. After thirty minutes, the couple was informed that the session was up.

Although the evidence shows that the officers paid Brownwell $70.00 for two contact sessions, we decline to interpret this as payment for sexual conduct. The officers were paying for a massage. No money was exchanged between the officers and the appellants. See, *Trippell v. State,* 535 S.W.2d 178 (Tex.Cr.App.1976).

There is no evidence that either appellant negotiated a price for her sexual favors [*McCarty v. State,* 616 S.W.2d 194 (Tex.Cr. App.1981); *Morris v. State,* 565 S.W.2d 534 (Tex.Cr.App.1978)], or received money for her sexual favors [*West v. State,* 626 S.W.2d 159 (Tex.App.—Beaumont 1981)]. We find the evidence insufficient to show

that appellants engaged in sexual conduct for a fee. Appellants' third ground of error is sustained.

The judgments are reversed and reformed to reflect an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

ONION, P.J., and ODOM, TOM G. DAVIS and W.C. DAVIS, JJ., dissent.