The STATE of Texas, Appellant,

v.

Lorenzo C. MORENO, Appellee.

No. 13–88–592–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 9, 1992.

Carlos Valdez, County Atty., Adolfo Aguilo, Asst. County Atty., Corpus Christi, Robert Huttash, State Pros. Atty., Matthew W. Paul, Asst. State's Atty., Austin, for appellant.

W.J. Sames, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and BISSETT,[1] JJ.

## OPINION

NYE, Chief Justice.

An information charged appellee, Lorenzo C. Moreno, with prostitution. He filed a motion to quash the information. After a hearing, the trial court granted the motion to quash. The State gave notice of appeal, and this Court held that it did not have jurisdiction to entertain the appeal. *State v. Moreno*, 769 S.W.2d 661, 663 (Tex.App.—Corpus Christi 1989). The Court of Criminal Appeals granted the State's petition and held that the State has the power to appeal from any trial court order concerning an indictment or information (and the Court of Appeals has the jurisdiction to address the merits of the appeal from that order) whenever the order effectively terminates the prosecution in the defendant's favor. *Moreno v. State*, 807 S.W.2d 327, 332 (Tex.Crim.App.1991). The Court remanded the case for consideration of the merits of the State's appeal. *Moreno*, 807 S.W.2d at 334. By its sole point of error, the State complains that the trial court erred in granting the motion to quash. We reverse the trial court's judgment and remand the case for trial.

The information alleged, in pertinent part, that appellee "did then and there unlawfully and knowingly agree to engage in sexual conduct, to-wit: deviate sexual intercourse with R. Vela for a fee, to-wit: $10.00 payable to said R. Vela, said deviate sexual intercourse being the contact of Lorenzo C. Moreno's mouth with R. Vela's penis...." Appellee filed a motion to quash the information, alleging that the term "agree" should be defined in greater detail. He asserted in his motion that if "the same is by written agreement, or by conduct, or by orally spoken words, or any combination, the same should be alleged, and further if by words, such words should be alleged so as Defendant may know what words are intended to constitute the element 'agreed.'" After a hearing, the trial court granted the motion to quash.

■ By a single point of error, the State complains that the trial court erred by granting the motion to quash. Article 21.11 of the Texas Code of Criminal Procedure provides:

An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment....

Article 21.04 provides that the certainty required in an indictment must be sufficient to enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense. Article 21.23 provides that the rules with respect to allegations in an indictment and the certainty required apply also to an information.

■ The intent of art. 1, § 10 of the Texas Constitution is that an accused in a particular case must be furnished information upon which he may prepare his defense, and this information must come from the face of the indictment. *Livingston v. State*, 739 S.W.2d 311, 321 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Moore v. State*, 532 S.W.2d 333, 335 (Tex.Crim.App.1976). When considering a motion to quash, we do not find that the fact that the accused knew with what offense he was charged is sufficient; rather,

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

the question presented is whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense. *Lewis v. State,* 659 S.W.2d 429, 431 (Tex.Crim.App.1983); *McManus v. State,* 591 S.W.2d 505, 515 (Tex.Crim.App.1979). A motion to quash should be granted when the language in the charging instrument concerning the defendant's conduct is so vague or indefinite that it denies the defendant effective notice of the acts or omissions he allegedly committed. *Daniels v. State,* 754 S.W.2d 214, 217 (Tex.Crim.App. 1988); *Thomas v. State,* 621 S.W.2d 158, 163 (Tex.Crim.App.1981).

While all essential elements of an offense must be alleged in the indictment, an indictment which tracks the statutory language of the offense is generally sufficient in the face of a motion to quash. *Moreno v. State,* 721 S.W.2d 295, 300 (Tex. Crim.App.1986); *Beck v. State,* 682 S.W.2d 550, 554 (Tex.Crim.App.1985). Rarely will a charging instrument which tracks the language of the involved penal statute be held legally insufficient to provide the accused with notice of the charged offense. *Daniels,* 754 S.W.2d at 218; *Barnhart v. State,* 648 S.W.2d 696, 699 (Tex.Crim.App. 1983). Although an indictment which tracks the language and terms of a statute is generally sufficient, if the statutory language is not completely descriptive, so that particularity is required to afford the defendant notice of the acts or omissions he allegedly committed, merely tracking the language of the statute may be insufficient. *Daniels,* 754 S.W.2d at 218; *Beck,* 682 S.W.2d at 554; *Terry v. State,* 471 S.W.2d 848, 851 (Tex.Crim.App.1971).

The general rule is that when a term is statutorily defined, it need not be further alleged in the indictment. *Thomas,* 621 S.W.2d at 161. However, when the statutory term goes to an act or omission of the defendant and the definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish. *Geter v. State,* 779 S.W.2d 403, 405 (Tex.Crim.App.1989).

In *Thomas, supra,* the defendant was indicted for theft. He filed a motion to quash, asserting that because the statute gave several definitions of the term "owner," the indictment was not sufficiently certain because it did not allege the nature of the ownership. The trial court denied that part of the motion, and the defendant appealed, arguing that because there were several ways by which a person may be an owner, the indictment did not give him full and fair notice of the charge against him. The Court of Criminal Appeals held that while the term "owner" was defined in three different possible ways, the State did not have to specify which type of "owner" it was going to prove. The Court stated that "owner" was neither vague nor indefinite because of the definitions found in the statutes. The Court concluded that there was no need to specify the type of owner because this would not assist or affect the defendant's trial preparation. Finally, the Court stressed that, *"More importantly, the term 'owner' does not go to an act or omission of the defendant."*

Section 43.02(a)(1) of the Texas Penal Code provides that a person commits the offense of prostitution if he knowingly offers to engage, agrees to engage, or engages in sexual conduct for a fee. Here, the information, *supra,* tracked the language of § 43.02(a)(1), and the information defined "sexual conduct" as deviate sexual intercourse being the contact of appellee's mouth with R. Vela's penis. *See* TEX.PENAL CODE ANN. § 43.01(1), (4) (Vernon 1989). The facts requested by appellee in his motion to quash were evidentiary, rather than being required for the purpose of notice and plea in bar. The State is not required to plead evidentiary facts which are not essential to provide the required notice to the accused. *Daniels,* 754 S.W.2d at 218; *Beck,* 682 S.W.2d at 554.

Moreover, virtually all of the quoted language in the information is descriptive of the alleged agreement; what conduct was agreed to, to whom it was agreed to, and that it was agreed to for a fee were all

alleged. *See Ozack v. State,* 646 S.W.2d 941, 942 (Tex.Crim.App.1983) and *McCarty v. State,* 616 S.W.2d 194, 196 (Tex.Crim.App.1981).[2] The information sufficiently alleged the act appellee committed, and the information was sufficient to enable appellee to prepare his defense and insure his plea in bar. *See Thomas,* 621 S.W.2d at 164. We hold that the trial court erred in granting the motion to quash the information.

The trial court's judgment is RE-VERSED and the case is REMANDED for trial.

---

**2.** In *McCarty,* an information charged the defendant with prostitution, alleging, in relevant part, that she "Knowingly offer[ed] to·engage in sexual conduct, namely: sexual intercourse and deviate sexual intercourse with E.L. Moses, for a fee." The trial court denied her motion to quash. On appeal, she argued that the allegation of "offer" gave her insufficient notice of the charges against her. The Court of Criminal Appeals held that since virtually all of the quoted language in the information was descriptive of the offer, the trial court did not err by denying her motion to quash. In *Ozack,* an information charged the defendant with prostitution, asserting similar allegations as the information in *McCarty.* The trial court denied the motion to quash. On appeal, the defendant argued that the allegation of "offer" gave her insufficient notice of the charges against her. The Court of Criminal Appeals reached the same conclusion as it did in *McCarty.*