TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00432-CV







Reuben T. Press, Appellant



v.



Willie Elizabeth Press, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 150,754-A, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING







 This divorce case concerns the distribution of appellant Reuben Thomas Press'
military retirement benefits. The agreed divorce decree included a contingency to be worked out
between the parties regarding a final "Domestic Relations Order." The parties could not agree
on the Order because appellee insisted on a limitation paragraph prohibiting appellant from
electing to waive his military retirement benefits in lieu of Veterans Administration ("VA")
benefits. After the agreed divorce decree was signed, the trial court enforced the limitations
paragraph by signing the Domestic Relations Order which was proposed by appellee Willie
Elizabeth Press and opposed by appellant. Concluding that the trial court is prohibited under
federal law from enforcing such a limitation paragraph over appellant's objection, we reverse the
judgment and remand this cause for reconsideration of the parties' property division. 



FACTUAL AND PROCEDURAL BACKGROUND


 On October 21, 1994, appellant filed for divorce against appellee. After the parties 
met for a court-ordered mediation, they signed a property settlement agreement on July 17, 1996,
which was approved by the trial court in open court on July 18. Attached to the property
settlement agreement was an incomplete "Qualified Domestic Relations Order" containing several
information blanks. Section III.4.D. of the property settlement agreement referenced the draft by
stating, "A Qualified Domestic Relations Order will be promulgated in the form attached hereto." 
A divorce decree was not signed at that time. 

 On August 5, appellee's counsel forwarded a draft of the Domestic Relations Order
to appellant's counsel for approval. The draft contained the following paragraph addressing
appellant's election of benefits:


 IT IS FURTHER ORDERED AND DECREED that any election of benefits
which may hereafter be made by SERVICE MEMBER shall not reduce the amount
equal to the percentage of the disposable retired pay which the Court has herein
awarded to SERVICE MEMBER'S SPOUSE. In this regard, IT IS FURTHER
ORDERED AND DECREED that SERVICE MEMBER shall not merge his
military retired pay with any other pension and/or shall not waive any portion of
his military retired pay in order to receive disability pay and/or shall not pursue
any course of action which would defeat, reduce or limit SERVICE MEMBER'S
SPOUSE'S right to receive SERVICE MEMBER'S SPOUSE'S full separate
property share of SERVICE MEMBER'S retired pay as awarded herein.



After reviewing the draft, appellant requested that certain modifications be made, including the
deletion of the paragraph limiting appellant's benefit election rights. Appellee agreed to several
changes requested by appellant, but refused to delete the limitation paragraph. 

 Sometime after the property settlement agreement was signed by the parties,
appellant discovered that his military retirement benefits had not vested because he had not yet
completed 20 years of military service. He informed appellee of his discovery and the parties
filed a "Joint Motion for New Trial" to address the issue of appellant's military retirement
benefits. The trial court granted the motion and scheduled a hearing for October 7. At the
conclusion of the hearing, the court granted the divorce. An "Agreed Decree of Divorce" was
signed by both parties and the trial court. The Agreed Decree of Divorce awarded appellee,
among other things, 


50% of Petitioner's military retirement of disposable retired pay of an E-8 with 20
years and zero months of creditable service, payable, if, as, and when received by
Petitioner, and any and all COLA's or other increases affecting Petitioner's share
of military disposable retired pay hereinafter paid, and all other benefits to which
Respondent is entitled, pursuant to the Domestic Relations Order entered in this
cause.



The trial court, however, did not sign a Domestic Relations Order.

 On November 13, appellee filed a "Motion to Sign Domestic Relations Order
(Military Retirement)." The trial court ordered further mediation on the terms of the Domestic
Relations Order. When a resolution was not reached by the parties, the court held a hearing on
appellee's motion on March 23, 1997.

 At the March 23 hearing, appellant's counsel testified and contended that in the
property settlement agreement the parties agreed to the form of the draft Domestic Relations
Order, but they did not agree to the substance of the draft order. He also testified that appellant
never agreed to give up his right to elect to receive VA benefits in lieu of his military retirement
benefits. Appellee, on the other hand, argued that by signing the property settlement agreement,
appellant also agreed to the substance of the draft, which included the limitations paragraph. At
the conclusion of the hearing, the trial court granted appellee's motion and signed the Domestic
Relations Order.

 On June 11, appellant filed a "Motion for New Trial" and a "Request for Findings
of Fact and Conclusions of Law." A hearing was held on the motion on June 17, after which the
trial court entered an order denying the motion for new trial. The court's "Findings of Fact and
Conclusions of Law" were entered on July 21. The court concluded that "[n]o additional approval
by Petitioner of the final form of the Domestic Relations Order or its contents was required for
such Domestic Relations Order to be enforceable as the parties had agreed to and signed the
mediated Settlement Agreement as further clarified by Petitioner's testimony and/or his attorney's
statements in open court." Appellant now appeals the trial court's judgment.


DISCUSSION


 Appellant raises two points of error relating to the trial court's authority to enforce 
the Domestic Relations Order to which the parties did not agree. Appellant contends that when
the Agreed Decree of Divorce was entered, there remained a contingency that had to be completed
before the divorce decree would become enforceable. That contingency was the completion of
the Domestic Relations Order.

 The court divided the parties' property, but as to appellant's military retirement,
appellee was awarded 50 percent of 20 years of service "if, as, and when" it was paid to
appellant. It is clear from the record that appellee was depending upon the receipt of 50 percent
of appellant's military retirement benefits as part of the property settlement agreement.

 On the other hand, it is also clear from appellant's actions that he recognized early 
in the divorce proceedings the possibility that he would exercise his election of VA benefits in lieu
of his military retirement benefits. Under federal law, a spouse is not entitled to any portion of
VA benefits. See Mansell v. Mansell, 490 U.S. 581, 594-95 (1990); Ex parte Burson, 616
S.W.2d 192, 195 (Tex. 1981). This is because VA benefits "are not divisible or assignable. 
They are not property." Ex parte Burson, 616 S.W.2d 194. 

 We encountered substantially the same issue in Wallace v. Fuller, 832 S.W.2d 714
(Tex. App.--Austin 1992, no writ). Wilbur Wallace and Mary Lee Fuller were married for fifteen
years of Wallace's military career. Their divorce decree did not mention his military benefits. 
When Wallace retired seven years later, he received a 60 percent disability due to back and spinal
injuries. Eleven years after Wallace retired, Fuller filed for partition of his military benefits. The
trial court awarded Fuller one-half of the 82 percent of Wallace's military benefits accrued during
their marriage. Id. at 715-16. Wallace appealed contending that his spouse was not entitled to
any portion of his military benefits. We concluded that 100 percent of Wallace's benefits were
disability benefits. Id. at 716. Applying the United States Supreme Court's reasoning in Mansell,
we held that the trial court did not have the power to divide Wallace's disability benefits because,
like VA benefits, they do not fall within the definition of disposable retired pay under the Uniform
Services Former Spouses' Protection Act, 10 U.S.C. § 1408. Id. 

 In this case, a breakdown in the property settlement agreement occurred when
appellee's counsel attempted to have the limitation paragraph included in the property settlement
agreement by way of the Domestic Relations Order. Based upon the cases we have reviewed, we
conclude that the trial court is powerless to enforce such a Domestic Relations Order because it
violates the federal supremacy clause of the United States Constitution. See Ex parte Burson, 616
S.W.2d at 195. However, we are reluctant to simply strike the void limitation paragraph from
the Domestic Relations Order since it is obvious from the record that appellee was depending on
receiving her share of appellant's military retirement when she agreed voluntarily to the specific
division of the community property set forth. Therefore, in the interest of justice, we will remand
to the trial court to reconsider the division of property in a manner consistent with this opinion.


CONCLUSION


 We reverse the judgment of the trial court and remand the cause for further
proceedings consistent with this opinion.



 


 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Reversed and Remanded

Filed: May 29, 1998

Do Not Publish



mily: CG Times (W1) Regular">
DISCUSSION


 Appellant raises two points of error relating to the trial court's authority to enforce 
the Domestic Relations Order to which the parties did not agree. Appellant contends that when
the Agreed Decree of Divorce was entered, there remained a contingency that had to be completed
before the divorce decree would become enforceable. That contingency was the completion of
the Domestic Relations Order.

 The court divided the parties' property, but as to appellant's military retirement,
appellee was awarded 50 percent of 20 years of service "if, as, and when" it was paid to
appellant. It is clear from the record that appellee was depending upon the receipt of 50 percent
of appellant's military retirement benefits as part of the property settlement agreement.

 On the other hand, it is also clear from appellant's actions that he recognized early 
in the divorce proceedings the possibility that he would exercise his election of VA benefits in lieu
of his military retirement benefits. Under federal l