COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-193-CR

  
RHONDA 
JEAN COWAN                                                         APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Rhonda Jean Cowan of prostitution and assessed a 
probated sentence. On appeal, she challenges the admissibility of a telephone 
call and the sufficiency of the evidence. Because we hold that the trial court 
did not err in admitting the telephone call and that the evidence is sufficient 
to support the verdict, we affirm the trial court’s judgment.
        Posing 
as a customer wanting a massage, Sergeant Wallace, in plain clothes, went to 
Appellant’s apartment, where she ran a massage operation. Once inside, Wallace 
offered Appellant and another masseuse $500 for deviant sexual intercourse with 
him. They accepted his offer, and he arrested them for prostitution.
        In 
her first point, Appellant argues that the trial court erred in admitting 
evidence of an anonymous phone call received by a police officer other than the 
one who testified about the call. While Appellant provides record references, 
she does not specify which portion or language of the telephone call to which 
she objects. She appears to argue that the contents of the telephone call were 
irrelevant character evidence because the testifying officer and the anonymous 
caller were not qualified to impeach. She does not explain whom the State sought 
to impeach by offering the testimony. Our review of the record shows that the 
contents of the telephone call were not admitted for the purpose of impeaching a 
witness. If that is her point on appeal, it is overruled.
        Within 
her discussion of her first point, Appellant also appears to argue that the 
contents of the telephone call should not have been admitted to show the reason 
officers began to investigate her because the contents were inadmissible 
hearsay. Our review of the record shows that evidence that the anonymous tip 
existed and that the tipster provided Appellant’s name, another woman’s 
name, and a telephone number was admitted to explain how Appellant became a 
suspect and why law enforcement began to investigate her. The evidence was not 
offered for the truth of the matter asserted and therefore was not inadmissible 
hearsay.[2]  We overrule Appellant’s first 
point.
        In 
her second point, Appellant argues that the evidence was not sufficient to 
support the jury’s verdict because Sergeant Wallace did not remember the exact 
words used in the agreement and did not engage in protracted negotiations with 
her. Neither of these showings is required under the statute.
        Appellant 
argues that the holding in McCarty v. State[3]  
implies that protracted negotiations must occur for a person to be guilty of 
prostitution. While protracted negotiations did occur in that case, there was no 
implication that they are an extra-statutory element of the offense. The 
evidence is sufficient if it shows an agreement to engage in sexual conduct for 
a fee.[4]  Applying the appropriate standards of 
review for legal sufficiency[5] and factual 
sufficiency,[6]  we hold the evidence is 
sufficient to show an agreement and to support the conviction. We overrule 
Appellant’s second point on appeal.
        Having 
overruled Appellant’s two points, we affirm the trial court’s judgment.
 
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 

  
PANEL B:   DAUPHINOT, 
GARDNER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 4, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Dinkins v. State, 894 S.W.2d 330, 347-48 (Tex. Crim. App.), cert. 
denied, 516 U.S. 832 (1995).
3.  
616 S.W.2d 194, 197 (Tex. Crim. App. 1981).
4.  
See Tex. Penal Code Ann. § 43.02(a)(1) (Vernon 2003).
5.  
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden 
v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Dewberry v. State, 
4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 
(2000).
6.  
See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); Johnson 
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 
129, 134 (Tex. Crim. App. 1996).