Rhonda Jean Cowan v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-193-CR

RHONDA JEAN COWAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Rhonda Jean Cowan of prostitution and assessed a probated sentence.  On appeal, she challenges the admissibility of a telephone call and the sufficiency of the evidence.  Because we hold that the trial court did not err in admitting the telephone call and that the evidence is sufficient to support the verdict, we affirm the trial court’s judgment.

Posing as a customer wanting a massage, Sergeant Wallace, in plain clothes, went to Appellant’s apartment, where she ran a massage operation.  Once inside, Wallace offered Appellant and another masseuse $500 for deviant sexual intercourse with him.  They accepted his offer, and he arrested them for prostitution.

In her first point, Appellant argues that the trial court erred in admitting evidence of an anonymous phone call received by a police officer other than the one who testified about the call.  While Appellant provides record references, she does not specify which portion or language of the telephone call to which she objects.  She appears to argue that the contents of the telephone call were irrelevant character evidence because the testifying officer and the anonymous caller were not qualified to impeach.  She does not explain whom the State sought to impeach by offering the testimony.  Our review of the record shows that the contents of the telephone call were not admitted for the purpose of impeaching a witness.  If that is her point on appeal, it is overruled.

Within her discussion of her first point, Appellant also appears to argue that the contents of the telephone call should not have been admitted to show the reason officers began to investigate her because the contents were inadmissible hearsay.  Our review of the record shows that evidence that the anonymous tip existed and that the tipster provided Appellant’s name, another woman’s name, and a telephone number was admitted to explain how Appellant became a suspect and why law enforcement began to investigate her.  The evidence was not offered for the truth of the matter asserted and therefore was not inadmissible hearsay.
(footnote: 2)  We overrule Appellant’s first point.

In her second point, Appellant argues that the evidence was not sufficient to support the jury’s verdict because Sergeant Wallace did not remember the exact words used in the agreement and did not engage in protracted negotiations with her.  Neither of these showings is required under the statute.

Appellant argues that the holding in 
McCarty v. State
(footnote: 3) 
implies that protracted negotiations must occur for a person to be guilty of prostitution.  While protracted negotiations did occur in that case, there was no implication that they are an extra-statutory element of the offense.  The evidence is sufficient if it shows an agreement to engage in sexual conduct for a fee.
(footnote: 4)  Applying the appropriate standards of review for legal sufficiency
(footnote: 5) and factual sufficiency,
(footnote: 6) we hold the evidence is sufficient to show an agreement and to support the conviction.  We overrule Appellant’s second point on appeal.

Having overruled Appellant’s two points, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

. JUSTICE

PANEL B: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 4, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Dinkins v. State
, 894 S.W.2d 330, 347-48 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 832 (1995).

3:
616 S.W.2d 194, 197 (Tex. Crim. App. 1981).

4:
See
 
Tex. Penal Code Ann.
 § 43.02(a)(1) (Vernon 2003).

5:
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

6:
See Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).