Affirmed and Memorandum Opinion filed April 12, 2005









Affirmed and Memorandum Opinion filed April 12, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01328-CR

 

______________________

 

FUNG CHE WU, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 5

Harris County, Texas

Trial Court Cause No. 1189839

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Fung Che Wu, was charged by
information with prostitution.  See Tex. Pen. Code Ann. ' 43.02 (Vernon
2003).  Despite appellant=s protestations of
innocence, a jury found her guilty and the court assessed punishment at five
days= confinement in
the Harris County Jail and a $500 fine. 
In two points of error, appellant contends the evidence was legally and
factually insufficient to support her conviction.  We affirm.








On the night of her arrest, appellant was
working as an unlicensed Amasseuse@ at Kim=s Spa in southwest
Houston.  Posing as a customer, Officer
Shipley of the Houston Police Department Vice Division went to the
establishment as part of an ongoing investigation of local AAsian-modeling@ studios and
massage parlors.  Shipley testified that,
upon his arrival, appellant led him by the hand to a back room containing a
massage table, a futon-style bed, and a side room with a walk-in shower.  After motioning him towards the bed,
appellant allegedly hugged and made attempts to kiss Shipley, at which time he
asked, ASo how much is
this going to cost me?@ Shipley testified that appellant
responded to his question by making a sexually provocative gestureCa thrusting motion
with her hands toward her hips.[1]  Shipley believed, based on his experience as
a vice officer, that such a motion signified a person=s willingness to
engage in sexual intercourse.  To verify
his suspicions, Shipley verbally asked if appellant would provide both oral sex
and sexual intercourse.  Appellant again
responded with few words.  Instead,
appellant raised her skirt, revealing her translucent G-string underwear and
exposing her pubic area.  At the same
time, appellant allegedly said A$120@ would cover
everything, and when Shipley again sought affirmations, by motioning, that he
would receive both oral sex and sexual intercourse for $120, appellant answered
Ayes.@  Subsequently, Shipley=s partner entered
the room and arrested appellant for prostitution.

In evaluating a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier-of-fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 n.12 (1979); 
Garrett v. State, 851 S.W.2d 853, 857 (Tex. Crim. App.
1993).  We will not overturn the verdict
unless it is irrational or unsupported by proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846 (
Tex. Crim. App. 1991).  Therefore, if any
rational trier‑of‑fact could have found the essential elements of
the crime beyond a reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614
(Tex. Crim. App. 1997).








When
reviewing claims of factual insufficiency, it is our duty to examine the fact‑
finder=s weighing of the evidence.  Clewis v. State, 922 S.W.2d 126, 133B134 (Tex. Crim. App. 1996).  Thus, the question presented in a factual
sufficiency review is, AConsidering all of the evidence in a neutral light, was a
jury rationally justified in finding guilt beyond a reasonable doubt?@ 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  Thus, there are two ways in which the
evidence may be insufficient:

First,
when considered by itself, evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt. Second, there may be
both evidence supporting the verdict and evidence contrary to the verdict.
Weighing all the evidence under this balancing scale, the contrary evidence may
be strong enough that the beyond‑a‑reasonable‑doubt standard
could not have been met, so the guilty verdict should not stand. This standard
acknowledges that evidence of guilt can Apreponderate@ in favor of conviction but still be
insufficient to prove the elements of the crime beyond a reasonable doubt.
Stated another way, evidence supporting guilt can Aoutweigh@ the contrary proof and still be
factually insufficient under a beyond‑a‑reasonable‑doubt
standard.

Id. at 484B85.

To secure a conviction for prostitution, the State must prove
beyond a reasonable doubt that the defendant knowingly agreed to engage in
sexual conduct for a fee.  See  Tex. Pen. Code
Ann. ' 43.02(a)(1)
(Vernon 2003).  Appellant argues that the
evidence was legally and factually insufficient to support her conviction
because nothing indicates she actually agreed to perform sexual acts for a
fee.  Specifically, appellant contends
that no money exchanged hands, no knowing agreement was reached, and no other
evidence supports the State=s argument that
appellant was willing to engage in sexual activity.








In large part, appellant relies on the
fact that a language barrier existed between Shipley and her.  She testified at trial, through an
interpreter, that she did not understand that Shipley was soliciting sexual activity.  She further stated that she never agreed to
perform any sexual acts and explained that when she motioned with her hips, she
was merely attempting to remove Shipley=s hands from her
waist.  Furthermore, appellant claimed
that she never raised her skirt, revealed her underwear, or exposed herself,
and argued that the lack of other evidence, such as condoms in the Amassage@ room, proved she
neither intended nor agreed to engage in sexual activity. 

First, we note that the actual exchange of
money is not required to sustain a conviction for prostitution.  See Tex.
Pen. Code Ann. ' 43.02(a)(1) (Vernon 2003) (listing the
statutory elements of the offense, which do not include the actual exchange of
money); Steinbach v. State, 979 S.W.2d 836, 841 n.8 (Tex. App.CAustin 1998, pet.
ref=d) (A[I]n order to
constitute the offense . . . a fee need not be paid.@).  Also, appellant=s contention that
there was no evidence of potential sexual activity, such as sexual paraphernalia
in the massage room, provides little support for her sufficiency argument.[2]  To the contrary, Shipley explained that in
his twenty years of experience as a police officer and, more importantly, in
his eight years in the vice division, he understood appellant=s actions to mean
she was agreeing to engage in sexual conduct. 
Shipley further testified that it was appellant who first suggested a
price of $120.[3]  To clarify what the $120 would cover, Shipley
directly asked appellant if she would perform both oral sex and sexual
intercourse.  In response, appellant
allegedly raised her skirt and exposed herself. 
When Shipley again sought affirmations, by motioning, that he would
receive both oral sex and sexual intercourse for $120, appellant said Ayes.@  Despite the language barrier, Shipley
testified that this made it clear appellant was agreeing to engage in sexual
conduct for the $120 fee.  Based on this
evidence, the jury found appellant guilty.








Our own review of the record indicates
that the evidence was sufficient to sustain appellant=s conviction.  Based on the testimony presented at trial, a
rational jury could have found beyond a reasonable doubt that appellant engaged
in prostitution.  Furthermore, reviewing
the evidence in a neutral light, we believe the jury was rationally justified
in finding appellant guilty beyond a reasonable doubt.  Therefore, we hold the evidence is both
legally and factually sufficient to sustain appellant=s conviction.  See generally Morris v. State, 565
S.W.2d 534, 534B35 (Tex. Crim. App. 1978) (finding the
evidence  was  sufficient to sustain a prostitution
conviction where the arresting officer testified that, based on his experience,
the defendant was agreeing to engage in sexual conduct when she made a Adriving motion
with her body@ and suggested that $20 Awould get it done@);  McCarty v. State, 616 S.W.2d 194, 196B97 (Tex. Crim.
App. 1981) (holding that a conviction for prostitution was supported by
sufficient evidence where implied offers were made by both the defendant
and the arresting officer).  Accordingly,
we overrule appellant=s two points of error.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 12, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Due to appellant=s limited English-speaking ability,
only minimal discussion took place.





[2]  Actually,
Shipley contradicted appellant=s claim that there was no other evidence of sexual
activity by testifying that he had never seen a futon bed in a reputable
massage establishment.  Thus, he implied
that the bed was there for some purpose other than a typical massage.





[3]  Appellant asked for $120 despite
the Aspa=s@ advertised price of $45 for a
forty-five minute massage.  Therefore,
Shipley logically assumed that the $120 was payment for more than a simple
massage.