Opinion Issued May 28, 2009









Opinion Issued May 28,
2009

 

 

 

 

                                                                        

 

 

 

 

 

 

 

 

 










 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00784-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



SUN JU KIM, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from County Criminal Court at Law No. 11

Harris County, Texas

Trial Court Cause No. 1547095

 








 



MEMORANDUM OPINION

           The State charged
appellant Sun Ju Kim with the offense of prostitution.  See Tex. Penal Code Ann. § 43.02 (Vernon
2003).  A jury found Kim guilty, and the trial court assessed punishment at 20
days’ confinement in the Harris County Jail.  Kim appeals, alleging that the
evidence is factually insufficient to support her conviction.  We conclude that
factually sufficient evidence supports the verdict and therefore affirm the
judgment of the trial court. 

Background

Officer C. Bean of the
Houston Police Department’s vice division and a team of other officers
investigated a complaint about prostitution at the Dong Kyong Modeling Studio. 
Officer Bean went to the modeling studio at night and rang its doorbell.  A
woman answered, and Officer Bean paid her a sixty dollar entry fee.  The woman
called several other women to the waiting area and allowed Officer Bean to
choose one.  He chose Kim, who took him upstairs to a room with a bed and told
him to undress.  He put one hundred dollars on the nightstand, and lay down on
the bed, naked.  Officer Bean testified that first Kim agreed to have oral sex
with him for one hundred dollars.  Their conversation continued, and Officer
Bean asked whether one hundred dollars were enough to have intercourse with
him.  Kim agreed to have intercourse with him for that amount.  He told her he
needed to get a condom, got up, and retrieved his pants.  He pulled out his
badge and told Kim she was under arrest.

Discussion

When evaluating factual
sufficiency, we consider all the evidence in a neutral light to determine
whether the jury was rationally justified in finding guilt beyond a reasonable
doubt.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We
will set the verdict aside only if (1) the evidence is so weak that the verdict
is clearly wrong and manifestly unjust or (2) the verdict is against the great
weight and preponderance of the evidence.  Johnson v. State, 23 S.W.3d
1, 11 (Tex. Crim. App. 2000).  Under the first prong of Johnson, we
cannot conclude that a verdict is “clearly wrong” or “manifestly unjust” simply
because, on the quantum of evidence admitted, we would have voted to acquit had
we been on the jury.  Watson, 204 S.W.3d at 417.  Under the second prong
of Johnson, we cannot declare that a conflict in the evidence justifies
a new trial simply because we disagree with the jury’s resolution of that
conflict.  Id.  Before finding that evidence is factually insufficient
to support a verdict under the second prong of Johnson, we must be able
to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury’s verdict.  Id.  We must also discuss the evidence that, according to the appellant, most
undermines the jury’s verdict.  See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  

          Kim contends that the
evidence is factually insufficient to support her conviction for prostitution. 
She argues that Officer Bean gave conflicting testimony that failed to prove
that Kim specifically agreed to perform sexual conduct for a fee.  Kim claims
that it is “impossible to reconcile” Officer Bean’s first statement—that he
instructed Kim to stop attempting to perform oral sex on him because he did not
want oral sex—with Officer Bean’s later testimony—that he asked Kim if one
hundred dollars would be sufficient payment for oral sex.  Contrary to Kim’s
contention, Officer Bean’s testimony that he initially told Kim that he wanted
to have intercourse, not oral sex, and his later testimony that she offered to
perform oral sex and agreed to a one-hundred dollar price and, still later, she
agreed to have intercourse do not conflict.  Officer Bean testified that he had
an ongoing conversation with Kim about price, and these appear to be two
separate parts of the same conversation and are not in conflict.  See
McCarty v. State, 616 S.W.2d 194, 197 (Tex. Crim. App. 1981) (holding that
protracted negotiations between the officer and the defendant over price, which
included implied offers by both parties, constituted factually sufficient
evidence to support a conviction for prostitution).   It was within the
province of the jury to determine the weight and credibility of this testimony.

          Kim also attacks Officer Bean’s
testimony, claiming that it is “far from solid or grounded in certitude”
because Officer Bean could not provide a verbatim quote from Kim as to their
agreement.  Under the applicable statute, however, the State need only prove
that Kim knowingly offered or agreed to engage in sexual conduct for a fee.  See
Tex. Penal Code Ann.
§ 43.02(a).  The statute does not require a verbatim quote to establish
agreement, and Officer Bean’s testimony supports a finding that Kim agreed to
perform sex for a fee.  Viewing the evidence in a neutral light, we hold that
factually sufficient evidence exists to support the jury’s verdict.

Conclusion

We hold that the evidence
in this case is factually sufficient to support Kim’s conviction for
prostitution.  We therefore affirm the judgment of the trial court.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Judges Keyes,
Hanks, and Bland.

Do not publish.  Tex. R. App. P. 47.4